NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRYSTAL L. OLSON, Plaintiff - Appellant, v. FRANK BISIGNANO, Commissioner of Social Security, Defendant - Appellee. | No. 25-434 D.C. No. 3:24-cv-05351-BAT MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted June 10, 2026**
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges

Crystal L. Olson appeals the district court's order affirming the

Commissioner's denial of her application for supplemental security income under

Title XVI of the Social Security Act. We review de novo the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision, *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022), and determine whether the decision of the administrative law judge (ALJ) is supported by substantial evidence and free of legal error, *Shaibi v. Berryhill*, 883 F.3d 1102, 1106 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ did not err in weighing the medical opinions. The ALJ articulated specific and legitimate reasons for discounting some medical opinions and crediting others, *see Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022), including that some opinions were inconsistent internally or with Olson's statements, her self-reported activities, her minimal and conservative treatment, and the objective medical evidence. *See Ford v. Saul*, 950 F.3d 1141, 1154–56 (9th Cir. 2020). Substantial evidence supports the ALJ's assessment. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

2. Nor did the ALJ err in discounting Olson's symptom testimony. The ALJ determined that Olson's testimony was inconsistent with the record, including the medical record, her conservative and minimal mental treatment, and her activities of daily living. These are specific, clear and convincing reasons to discount her testimony. *See Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the

ALJ may indeed weigh it as undercutting such testimony."); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("To assess a claimant's credibility, the ALJ may consider . . . 'ordinary techniques of credibility evaluation,' 'inadequately explained failure to seek treatment or to follow a prescribed course of treatment,' and 'the claimant's daily activities.'" (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996))).

3.      The ALJ also did not err in discounting the lay witness testimony of Olson's friend and her therapist.  The ALJ determined that their testimony was not consistent with Olson's conservative treatment, the objective medical record, or her daily activities.  Additionally, because the ALJ offered clear and convincing reasons for rejecting Olson's testimony, those same reasons are necessarily germane to her friend's statements, which mirrored Olson's subjective complaints.[1] *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED**.

---

[1] Olson's remaining claims of error are derivative of her arguments relating to the ALJ's assessment of the evidence and therefore also fail.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (explaining that a claimant does not establish that an ALJ's step-five finding is incorrect by restating her arguments that the ALJ improperly discounted certain evidence).